Zimmerman, J.
 

 Allowance of plaintiff’s motion to require the Court of Appeals of Crawford county to certify its record brings this ease here for review.
 

 
 *486
 
 The action was begun in the Court of Common Pleas of Crawford county by Matt J. Mosbacher, as executor of the last will and testament of Margaret Columbus, deceased, against St. Patrick’s Roman Catholic Church of the city of Gabon and the then Bishop of Toledo, as trustee of such church, to recover the sum of $3,446, with interest, on a demand promissory note made to plaintiff’s decedent as promisee, dated September 17, 1930, and signed by the then Bishop of Toledo, the then pastor of St. Patrick’s Church and three individuals as councilmen of that church.
 

 Such note was in the possession of the plaintiff when the suit was commenced and it was regular and complete on its face. The plaintiff testified that before suit he demanded payment of the note from the Bishop of Toledo, but that payment was not made.
 

 As a defense, it was denied that plaintiff is the lawful owner of the promissory note sued on, for the reason that on January 18,1938, Margaret Columbus assigned, transferred, surrendered and delivered such note to the then pastor of St. Patrick’s Church by written instrument which directed the purposes and uses to be made of the proceeds of the note, and the directions contained in such instrument are now in the process of being followed.
 

 For reply, it was alleged, first, that if plaintiff’s decedent made any assignment or transfer of the note, such action was void and of no effect because, by reason of old age and mental and physical infirmity, she was incapable of appreciating or understanding the transaction; second, that if a trust of any kind was set up in the Bishop of Toledo or the pastor of St. Patrick’s Church by such writing, such trust was disclaimed by the Bishop of Toledo and the pastor of the church and is and was of no effect; and, third, that there existed a confidential relationship as parishioner and pastor between plaintiff’s decedent and the pastor.
 
 *487
 
 of St. Patrick’s Church, and if the paper writing described in the answer was executed by plaintiff’s decedent, such execution was secured by undue influence and is void and of no effect.
 

 This case has twice been tried in the Court of Common Pleas, has twice been before the Court of Appeals and was before this court, after the first trial and the first review, on motion to require the Court of Appeals to certify its record, which motion was overruled.
 

 On both trial's in the court of first instance, verdicts were returned -for the plaintiff, followed by judgments in his favor. On the first appeal to the Court of Appeals, the judgment below was reversed and the cause remanded on the ground that the verdict was against the weight- of the evidence. On the second and last appeal to the appellate court, the judgment of, the trial court was reversed and the cause remanded for error in submitting to the jury a special charge requested by the plaintiff, for error in the general charge, and for error “in refusing defendant’s request made at the close of the general charge that there was no testimony on mental incapacity of Margaret Columbus.”
 

 It appears from the evidence that Margaret Columbus, an invalid, died on February 2, 1938, in her 85th year. She was a member of St. Patrick’s Church, Gal-ion. About two weeks before her death, to wit, on January 18, 1938, when she was confined to her bed by what proved to be her last illness, she allegedly signed by mark a typewritten instrument, prepared and presented to her by the then pastor of St. Patrick’s Church, reading in part as follows:
 

 “To the pastor of St. Patrick’s Church in the city of Gallon, Ohio I surrender the note held by me against St. Patrick’s Church, Gabon, Ohio for masses to be said in that church for the repose of my soul, my family and relatives.”
 

 Read into the evidence as part of a question was Sec
 
 *488
 
 tion 255 of the Canonical Law of the Roman Catholic Church, providing:
 

 “No one shall accept founded masses without the authority of the ordinary and only according to the conditions and forms prescribed. Founded masses approved by the ordinary shall be accurately listed in documents, one of which is to be kept in the chancery, one in the parish or institutional files, and another to be framed and placed in'the sacristy.”
 

 Other undisputed testimony was to the effect that as a condition precedent to the establishment of the Margaret Columbus “mass foundation” at St. Patrick’s Church the approval and sanction of the Bishop of Toledo would be required.
 

 Neither the Bishop of Toledo nor any ecclesiastical authority directly representing him appeared or took part in the trial of the action.
 

 It is a well-established proposition that the holder of a promissory note, which note at the time of acquisition was complete and regular on its face, is deemed
 
 prima facie
 
 to be the
 
 bona fide
 
 holder thereof and entitled to payment. 8 American Jurisprudence, 604, Section 1018;
 
 Davis
 
 v.
 
 Bartlett,
 
 12 Ohio St., 534, 546, 80 Am. Dec., 375, 384.
 

 The defense interposed herein, that plaintiff was not the lawful owner of the promissory note sued on because it had been assigned, transferred, etc., to the pastor of -St. Patrick’s Church by the typewritten instrument of January 18, 1938, was an affirmative one.
 

 Upon the trial of this action the uncontradicted evidence showed that the effectuation of the sole purpose for which the note was ostensibly surrendered and transferred depended wholly on the approval and sanction of the Bishop of Toledo upon prescribed conditions and forms. Evidence of approval by the bishop was entirely lacking; hence the instrument of transfer
 
 *489
 
 collapsed, the defense failed and the plaintiff became entitled to judgment in his favor.
 

 This being so, any errors in the special charge and the general charge and any erroi of the trial court in not removing the question of the mental incapacity of Margaret Columbus from the consideration of the jury are immaterial.
 

 Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment' reversed.
 

 Weygandt, C. J., Bell, Williams, Turner, Matthias and Hart, JJ., concur.